UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARLA POIRRIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14CV150 HEA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385 . For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

On July 24, 2013, Plaintiff appeared and testified before Administrative Law Judge Christopher Hunt. Plaintiff, born November 30, 1965, and was 47 years old at the time of the hearing. Plaintiff did complete high school and communicates in English. Plaintiff has past work experience as a personal aide or in home

housekeeper for elderly clients. Her duties included light housework such as cleaning bathrooms, washing dishes, making lunch, dusting, vacuuming, and mopping. She also did laundry, ran errands, and shopped for her clients. She resides in a single family residence with her twin sons, who were 13 at the time of the hearing. She noted at the hearing that her sons were special needs children. She does most of the cooking in the home. Her sons do the laundry and assist her in making beds, sweeping, dusting and the like. Plaintiff can shop for groceries although it is not unusual for the twins to go along to help.

    Plaintiff testified that she suffers from severe back pain and severe pain in both her hips. She testified she has pain that shoots down both legs to her knees and radiates to her ankles. Plaintiff also noted she has muscle spasms in both arms and legs. She testified as well that she experiences shoulder pain in her left arm which radiates down and causes her fingers to tingle. She has been diagnosed with anxiety and depression which causes her to have trouble getting up in the morning, getting dressed and arriving at work without crying.

    As a result of these conditions, Plaintiff stated she can't stand or walk very long due to the pain. The Plaintiff noted in her testimony that she can only stand anywhere from 3 to 5 minutes. She testified that she could lift 3 to 5 pounds. In addition she noted that she can sit 5 to 10 minutes until the pain gets bad enough to have to stand.

Mr. Dolan, a Vocational Expert testified that Plaintiff's work as a day worker and cashier would not be precluded. The ALJ put two hypotheticals to Mr. Dolan, one considering an individual who could perform light work activity and one considering an individual who could perform sedentary work activity. The same information and limitations were included in both. Regarding the second hypothetical, the vocational expert testified that such an individual could perform sedentary, unskilled assembly work, and could also perform cashier positions, which could be performed in a sitting or standing position. The ALJ found Plaintiff was capable of lifting up to 20 pounds occasionally as found in the light work hypothetical, but could stand and/or walk only 2 hours in an 8-hour workday as seen in the sedentary work hypothetical. The ALJ ultimately found that Plaintiff's impairments would not preclude her from performing work that exists in significant numbers in the national economy, including work as unskilled assembly work, and cashier, which could both be performed sitting or standing. The ALJ found that Plaintiff was not disabled.

The ALJ found Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine; obesity; osteoarthritis of the right hip; degenerative joint disease of the right shoulder; and depression. However, the ALJ found that she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1

(20CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). The ALJ also concluded that Plaintiff was not capable of performing past relevant work. The ALJ therefore concluded Plaintiff was not disabled.

The Appeals Council, upon considering the record from below and new evidence submitted to the Council by Plaintiff, denied her request for review on September 4, 2014. The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the ALJ improperly formulated the RFC assessment, the ALJ improperly found she was capable of performing work existing in significant numbers in the national economy, and the Appeals Council did not properly consider new evidence submitted after the ALJ's decision was issued.

## Standard To Determinine Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals

one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that

must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." Id. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity during the period from the alleged onset date of January 1, 2006. The ALJ found at Step Two that Plaintiff had the severe impairments of degenerative disc

disease of the lumbar spine; obesity; osteoarthritis of the right hip; degenerative joint disease of the right shoulder ; and depression. At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to perform work with the ability to lift and carry up to 20 pounds occasionally and 10 pounds frequently, to sit 8 hours, in an 8 hour workday, and to stand and /or walk 2 hours. The ALJ also found Plaintiff could occasionally balance, crawl, crouch, kneel, stoop, and climb ramps and stairs, and can never climb ladders, ropes, or scaffolds. She must also avoid concentrated exposure to unprotected heights and vibration. Lastly the ALJ limited Plaintiff to simple repetitive, and routine tasks.

At Step Four it was the finding of the ALJ that Plaintiff was capable of performing past relevant work as a day worker and cashier and that this work did not require the performance of work-related activities precluded by her residual functional capacity.

At Step Five the ALJ concluded that considering the Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that

exist in significant numbers in the national economy that Plaintiff can perform. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in the Application.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's

findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

**Discussion**

A. Did the ALJ Properly Formulate the RFC Assessment Regarding Plaintiff?

The essence of Plaintiff's position is that the ALJ concluded that Plaintiff was capable of performing work at a limited light exertional level. Plaintiff asserts, further, that the ALJ did not reference or use any medical evidence to support the functional limitations of the RFC. In short, the ALJ failed to obtain additional medical evidence regarding the severity of impact of Plaintiff's physical impairments.

The ALJ considered all the medical evidence that was available. An ALJ does not have to rely entirely on one doctor's opinion, nor is the ALJ limited to a simple choice of the medical opinions of record when the RFC is formulated. *See*

*Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) ("[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the [plaintiff's] physicians") (internal citations omitted). *Chapo v. Astrue,* 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."). The RFC assessment is specifically reserved to the Commissioner and the ALJ, not a plaintiff's doctors. The Commissioner uses medical sources to "provide evidence" about several factors, including RFC, but the "final responsibility for deciding these issues is reserved to the Commissioner."

It is Plaintiff's responsibility to provide medical evidence to show that she is disabled. See 20 C.F.R. §§ 404.1512, 416.912. "Ultimately, the claimant bears the burden of proving disability and providing medical evidence as to the existence and severity of an impairment." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013). Here the ALJ found the objective medical evidence "does not support the claimant's allegations or a more limiting residual functional capacity". Even though Plaintiff complained of pain and associated difficulty walking, sitting and standing the medical evidence reviewed in the record did not support her allegations and was inconsistent with her testimony. The ALJ here gave a detailed accounting of same which is supported by the record relating to all the available

medical records. The records reviewed highlight the conclusion of the ALJ in that Plaintiff "consistently presented with normal gait and station, and there is no evidence of atrophy or decomposition ". A lack of objective medical evidence is a factor an ALJ may consider in determining a claimant's credibility. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004), citing *Tennant v. Apfel*, 224 F.3d 869, 871 (8th Cir. 2000). The objective medical evidence in this case does not support the degree of pain alleged. *See Russell v. Sullivan*, 758 F. Supp. 490, 497-98 (E.D. Mo. 1991), aff'd, 950 F.2d 542 (8th Cir. 1991).

The ALJ found that treatment by Plaintiff was inconsistent with her complaints. She sporadically sought treatment for the pain of which she complained. Examination of the record demonstrates Plaintiff received regular treatment for sinus matters, but rarely complained of shoulder, back, or hip pain. The Eighth Circuit has declared on more than one occasion that a plaintiff's failure to seek medical assistance for alleged impairments contradicts his subjective complaints of disabling conditions. *See e.g. Edwards v. Barnhart,* 314 F.3d 964, 967 (8th Cir. 2003) ("[T]he ALJ concluded, and we agree, that if her pain was as severe as she alleges, [Plaintiff] would have sought regular medical treatment.").

The ALJ observed that although Plaintiff testified to greatly reduced daily activities at the hearing, she never reported such a reduction to her treating sources, and that this testimony was inconsistent with her work activity and ongoing care of

her twin sons who reportedly have cognitive impairments themselves. The record shows that Plaintiff testified that her daily activities were restricted due to her pain, that she had to take breaks and required the assistance of her twin sons and older child who would help whenever visiting. She also noted in her Function report that she worked, did house chores, drove, took care of her children and never referenced needing or getting assistance. In discounting a Plaintiff's credibility there is substantial evidence support when, Plaintiff "was not unduly restricted in his daily activities, which included the ability to perform some cooking, take care of his dogs, use a computer, drive with a neck brace, and shop for groceries with the use of an electric cart." *See McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013).

The ALJ explicitly found Plaintiff non-credible and a review of the record discloses the ALJ gave sound reasons for so finding. As such the Court must defer to the ALJ's findings. *See Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007) (citation omitted).

The ALJ clearly considered all the medical evidence in the record in evaluating Plaintiff's functioning. The record amply reflects the ALJ also clearly considered Plaintiff's activities of daily living and found that despite her alleged pain and limitation, she was able to wash dishes and do laundry, run errands, take care of her children, cook, clean, drive, and shop for groceries.

Although it is a medical question, RFC findings are not based only on "medical" evidence, i.e., evidence from medical reports or sources; rather an ALJ has the duty, at step four to formulate RFC based on all the relevant, credible evidence of record. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (the Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations). *See also* 20 C.F.R. §§ 404.1545, 416.945; SSR 96-8p. *See also*, *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question.").

As to the issue of the claim of disabling depression, the diagnosis was made in 2011. There was, however, no evidence Plaintiff sought any specialized mental health treatment, and that treatment notes generally reflected no abnormal mental status signs. As a matter of the record treatment notes frequently reflect that Plaintiff was alert and oriented, in no acute distress, and with an appropriate affect and demeanor. The Eighth Circuit has noted that the absence of any evidence of ongoing counseling or psychiatric treatment or of deterioration or change in Plaintiff's mental capabilities disfavors a finding of disability. *See Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000) (citing *Dixon v. Sullivan*, 905 F.2d 237,

238 (8th Cir. 1990)). There is substantial evidence on the record to support the conclusion of the ALJ.

It is Plaintiff's responsibility to provide medical evidence to show that she is disabled. *See* 20 C.F.R. §§ 404.1512, 416.912. "Ultimately, the claimant bears the burden of proving disability and providing medical evidence as to the existence and severity of an impairment." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013).

The ALJ adequately accounted for Plaintiff's credible limitations by restricting her to the level limitations set forth in the record and specifically in the decision of the ALJ reflective of the supporting evidence in the record. The decision of the ALJ is supported by substantial evidence in the record.

### B. Did the ALJ Properly Determine Plaintiff Could Perform Other Work?

Plaintiff suggests that since the ALJ presented two hypothetical inquiries to the vocational expert this in some fashion disallowed the ALJ to have considered and based his RFC finding on substantial evidence on the record. The hypotheticals included considering one who could perform light work activity and one considering an individual who could perform sedentary work activity. Other than the work activity focus of each the hypotheticals were identical. The vocational expert observed, as to the second, that the individual could perform

sedentary, unskilled assembly work, and could also perform cashier positions, which could be performed in a sitting or standing position.

The ALJ found that the individual was capable of lifting up to 20 pounds occasionally as is found in the light work hypothetical, but could stand and/or walk only 2 hours in an 8-hour workday as found in the sedentary work hypothetical. These limitations would not prevent Plaintiff from performing the sedentary positions identified by the vocational expert. Courts have explicitly held, "An individual who is limited to light work can generally also perform sedentary work and this does not require or indicate any change to that individual's residual functional capacity." *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 681 (6th Cir. 2013) (citing *Anderson v. Comm'r of Soc. Sec.*, 406 F. App'x 32 (6th Cir. 2010). The finding by the ALJ was supported by the evidence in the record which was substantial.

C. Did The Appeals Council Properly Consider New Evidence Submitted After the ALJ Decision?

Plaintiff, as part of her review by the Appeals Council, submitted new evidence. The Appeals Council must consider additional evidence if it is new, material, and relates to a time period before the ALJ's decision. 20 C.F.R. § 404.970(b); *see Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996); *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995). To be material, new evidence must be non-cumulative, relevant, and probative of a claimant's condition during the time

period for which benefits were denied, *and* there must be a reasonable likelihood that it would have changed the Commissioner's determination. *See Woolf v. Shalala*, 3 F.3d 1210, 1215 (8th Cir. 1993). Plaintiff makes specific reference to a pelvic MRI from July 29, 2013 which showed "marked" degenerative osteoarthritic changes. The record demonstrates, and the ALJ so noted, as recently as June 2013, physical examination showed Plaintiff had a "normal" gait and station, full motor strength, normal muscle tone without atrophy. Considering that the ALJ concluded an RFC to perform sedentary work activity.

The Appeals Council's decision makes it clear that it considered this new evidence and found that the ALJ's decision was supported by the record as a whole, including the newly submitted evidence. When it is clear that the Appeals Council has considered the new evidence, the role of the Court is to determine whether the ALJ's decision was supported by substantial evidence including the new evidence. *See Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007) ("Where, as here, the Appeals Council considers new evidence but denies review, we must determine whether the ALJ's decision was supported by substantial evidence on the record as a whole, including the new evidence."). Here the decision, without question, is supported by substantial evidence on the record

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 8th day of December, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE